IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. NORDLOF,        )<br>                            )<br>        Petitioner,     )<br>                            )<br>   v.                       )<br>                            )<br>KEN CLARK, Warden,          )<br>                            )<br>        Respondent.     )<br>_____ ) | No. C 07-4899 MMC (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 2)** |

On September 21, 2007, petitioner, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 10, 2008, the Court ordered respondent to file, within ninety days, an answer showing cause why the petition should not be granted based on petitioner's cognizable claims or, in the alternative, a motion to dismiss on procedural grounds. Respondent has not yet filed an answer or motion to dismiss.

Petitioner has filed a motion for the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and no other grounds exist that would require the appointment of counsel at this time; accordingly, as the interests of justice do not require appointment of counsel, petitioner's motion is hereby DENIED.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: May 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge