EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JOAN KILLEEN
Deputy Attorney General
State Bar No. 111679
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-3664
 Telephone: (415) 703-5968
 Fax: (415) 703-1234
 Email: Joan.Killeen@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL B. NORDLOF,** | C 07-4899 MMC (PR) |
| Petitioner, | |
| v. | |
| **KEN CLARK, Warden,** | |
| Respondent. | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
AS UNTIMELY AND UNEXHAUSTED**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-5968
8   Fax: (415) 703-1234
    Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL B. NORDLOF,** | C 07-4899 MMC (PR) |
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY AND UNEXHAUSTED** |
| v. | |
| **KEN CLARK, Warden,** | |
| Respondent. | |

Respondent hereby moves for an order dismissing the amended petition for writ of habeas corpus, filed on July 23, 2008, for failure to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d), and for failure to exhaust state remedies. 28 U.S.C. § 2254(b). A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes. We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

1

A review of the record shows that petitioner failed to exhaust his state court remedies with respect to *all* of the 21 claims raised in his amended petition. Further, all of those claims were filed after the statute of limitations had expired. Accordingly, respondent moves to dismiss the petition with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   Procedural Background**

On March 12, 1999, petitioner pleaded guilty to assault with a deadly weapon and admitted an enhancement for great bodily injury in case no. CR983664. As part of the negotiated disposition, he agreed to a seven-year term, with execution suspended. On April 21, 1999, the trial court imposed but suspended execution of the seven-year term and placed petitioner on probation for five years on various terms and conditions. On April 1, 2003, a notice of probation violation was filed, based in part on petitioner's involvement in a burglary on March 26, 2003. On April 1, 2004, the Humboldt County District Attorney filed an information charging petitioner with burglary with use of a firearm, assault with a firearm, felon in possession of a firearm, and vehicle theft with use of a firearm. Cal. Penal Code §§ 245(a)(2), 459/460(a), 12021(a)(1), 12022.5(a)(1); Cal. Vehicle Code § 10851(a). On June 2, 2004, the District Attorney amended the information to add prior serious felony and prior strike allegations. Cal. Penal Code §§ 667(a), (d) & (e), 1170.12(c) & (d).

On June 7, 2004, a jury found petitioner guilty of felon in possession of a firearm, but deadlocked on the remaining counts. The court declared a mistrial; it also found petitioner in violation of his probation based on the charge found by the jury. On August 11, 2004, a second jury found petitioner guilty of attempted first degree burglary and vehicle theft. The jury deadlocked on the firearm use allegations and the assault charge. The court found the prior conviction allegations to be true, and dismissed the assault charge. On November 10, 2004, the court sentenced petitioner to the previously suspended term of seven years in case no. CR983664, and to nine years on the new offenses, for a total of 16 years. *See* Exh. B at 1-3.

Petitioner appealed his new convictions. Exh. A. On August 29, 2006, the California Court of Appeal affirmed the judgment. Exh. C. On November 15, 2006, the California Supreme

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

2

1  Court denied review. Exh. E. Petitioner did not seek collateral review in the state courts.

2        On September 21, 2007, petitioner filed a petition for writ of habeas corpus in this Court.
3  On April 10, 2008, the Court issued an Order to Show Cause. On July 23, 2008, before respondent
4  had filed a responsive pleading, petitioner filed a motion to amend his petition, accompanied by the
5  proposed amendment. On August 19, 2008, this Court granted petitioner leave to amend the
6  petition.

7  **B.    The Amended Petition Should Be Dismissed As Untimely And Unexhausted**

8        Petitioner has waived the claims from the original petition by filing an amended petition
9  raising all new claims and omitting the claims initially raised. *See King v. Atiyeh*, 814 F.2d 565, 567
10 (9th Cir. 1987) (amended complaint supersedes the original complaint; "All causes of action alleged
11 in an original complaint which are not alleged in an amended complaint are waived"); *Loux v. Rhay*,
12 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes the original, the latter being treated
13 thereafter as non-existent). Because the claims in the amended petition are unexhausted and
14 untimely, the petition should be dismissed with prejudice.

15       For reasons of comity, a state prisoner must first exhaust his constitutional claims in state
16 court before seeking habeas relief in the federal courts. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455
17 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the
18 specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513
19 U.S. 364, 365 (1995). This requires state prisoners to "give the state courts one full opportunity to
20 resolve any constitutional issues by invoking one complete round of the State's established appellate
21 review process," including discretionary review to the state supreme court if that is the state's
22 practice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, presenting a claim only to the
23 California Court of Appeal is insufficient to exhaust; it must be presented to the California Supreme
24 Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882,
25 888 (9th Cir. 1999); *Larche v. Simon*, 53 F.3d 1068, 1071-1072 (9th Cir. 1994).

26       When *all* of the claims in a petition are unexhausted, the petition must be dismissed.
27 *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's
28

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

3

1  federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims"); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust"); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [respondent] moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims").

Any effort to exhaust the new claims at this stage would be futile because the claims are untimely. 28 U.S.C. § 2244(d); *Raspberry v. Garcia*, 448 F.3d at 1154-1155; *Jiminez v. Rice*, 276 F.3d at 481-482. Further, there are no exhausted claims to which claims in a future petition could relate back. *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001), citing *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) ("second habeas petition does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies"; when present petition was filed, there was no pending petition to which the new petition could relate back); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999) ("Because Henry's original habeas action was dismissed in 1995, there was no pending petition to which Henry's new 1997 petition could relate back or amend."). Relation back is unavailable in any event. Fed.R.Civ.P. 15(c); *see Mayle v. Felix*, 545 U.S. 644, 664 (2005) (relation back allowed only when the "original and amended petitions state claims that are tied to a common core of operative facts," not when the claims merely arise from the same trial, conviction, or sentence).

In *Mayle v. Felix*, 545 U.S. 644, the Supreme Court explained the application of the "relation back" rule in Fed.R.Civ.P. 15(c)(2) to federal habeas corpus proceedings under AEDPA. Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading where the amendment "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. The Ninth Circuit had held that, for purposes of federal habeas corpus litigation, the relevant transaction was the state court trial. The Supreme Court rejected that interpretation as setting "'too high a level of generality'" that would allow "boundless" amendments. *Felix*, 545 U.S. at 661. The

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

4

Supreme Court instead allowed relation back where the original and amended petitions state claims that are "tied to a common core of operative facts." *Id.* at 664. It barred relation back where the amended petition asserts a new claim that differs in "both time and type" from the original petition. *Id.* at 657.

The Supreme Court cited two examples where relation back would be permitted:

> [I]n *Mandacina v. United States,* 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams,* 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. See also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15-82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle v. Felix ,* 545 U.S. at 664 n.7.

The Supreme Court determined that Felix's new claim, that his own pretrial statements were inadmissible under the Fifth Amendment because they were coerced, did not relate back to the timely claim, that a witness's statements violated the Confrontation Clause of the Sixth Amendment. The Supreme Court found that the two claims arose from "separate congeries of facts," and thus amounted to separate "occurrences" for purposes of Rule 15(c)(2). *Id.* at 661. Accordingly, Felix's newly added claim was untimely.

In *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005), the court rejected the argument that a claim of ineffective assistance of counsel for failing to advise the petitioner regarding his appellate rights related back to a claim of ineffective assistance based on counsel's failure to investigate alleged misrepresentations by the government in the indictment. The court stated, "As the Supreme Court recently made crystal clear, *see Mayle*, 125 S. Ct. at 2570, a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *Id*. The court also

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

5

declined to liberally construe the pro se petition to read into the original claim, that the *trial court* failed to inform petitioner that his plea would waive his appellate rights, an additional claim that *counsel* failed to advise petitioner of the waiver. *Id*. at 23-24; *accord United States v. Marulanda*, 226 Fed. Appx. 709, 711 (9th Cir. 2007).[1]

As the exhibits show, petitioner has not exhausted any of the claims he now raises in his amended petition. In his petition for review in the California Supreme Court, petitioner raised seven claims: (1) "The prosecution's suppression of favorable and material evidence prejudiced appellant's federal due process rights to a fair trial"; (2) "The prosecution's suppression of favorable and material evidence prejudiced appellant's Sixth Amendment and federal due process rights to effective collaboration and assistance of counsel"; (3) "The court's instruction that the jury could consider appellant's suppression of evidence as consciousness of guilt was error under state law, which lightened the prosecution's burden of proof in contravention of appellant's federal due process rights"; (4) "The court's failure to instruct the jury on the lesser related offense of trespass and on the doctrine of implied invited public access deprived appellant of his federal due process rights to present a defense and to a verdict based on the full range of possible verdicts"; (5) "Appellant was denied his federal due process right to a verdict on attempted burglary which was supported by substantial evidence proved beyond a reasonable doubt"; (6) "Appellant was deprived of his right to effective assistance of counsel"; and (7) "Cumulative due process error." Exh. D.[2]

Petitioner raises 21 new claims for relief in his amended petition: (1) "Petitioner's due process rights were violated by the cross-examination by the prosecutor of petitioner's post-arrest silence"; (2) "Petitioner's due process rights were violated based on the prosecutor's failing to correct false testimony"; (3) "Petitioner's due process rights were violated by the prosecution's failure to disclose favorable exculpatory material evidence, and or impeachment evidence"; (4)

---

1. Citation of unpublished circuit cases decided after January 1, 2007, is permitted by Fed.R.App.Pro. 32.1(a) and Ninth Circuit Rule 36-3(b).

2. Petitioner copied these headings when he listed his claims in his original federal habeas petition filed on September 21, 2007.

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

6

1  "Trial court violated petitioner's due process rights by excluding exculpatory evidence from the jury"; (5) "Petitioner's due process rights were violated by the prosecutor's failure to disclose favorable exculpatory material evidence"; (6) "Petitioner's due process rights were violated based on the prosecutor's failing to correct false testimony"; (7) "Petitioner's due process rights were violated based on the prosecutor's failing to correct false testimony"; (8) "Petitioner's due process rights were violated by the ineffective assistance of counsel by depriving petitioner of an reasonable defence [*sic*] by failing to file a suppression motion for illegal collection of evidence"; (9) "Petitioner's right to present a defense and witnesses on his behalf by the prosecutor's violation of petitioner's due process rights"; (10) "Petitioner's due process right [*sic*] were violated by the judicial misconduct by allowing the material and prejudicial testimonial evidence that was introduced against petitioner without an opportunity for cross-examination of the alleged co-defendant David W. Gray, because of the trial court's actions"; (11) "Petitioner's right to counsel was violated by the ineffective assistance of counsel"; (12) "Trial court violated petitioner's due process rights by the modification of the verdict and thereby convicting petitioner of a crime not charged of or proved by the jury"; (13) "Trial court violated petitioner's due process rights by imposing the upper term because of aggravating factors used that were neither know [*sic*] nor were proven to a jury"; (14) "Trial court's error by the verious [*sic*] instructions at both trials were not sufficiently clear which had an effect on the deliberations of the jury violating petitioner's right to a fair trial"; (15) "Petitioner's right to counsel was violated by the ineffective assistance of counsel"; (16) "Petitioner's right to counsel was violated by the ineffective assistance of counsel"; (17) "Petitioner's due process rights were violated by the court's error"; (18) "Petitioner's due process rights were violated because of the prosecutor's intentional misrepresentation of facts know [*sic*] to be false"; (19) "Petitioner's due process rights were violated by the ineffective assistance of counsel"; (20) "Petitioner further claims he received ineffective assistance of counsel on appeal"; (21) "Cumulative due process error."

A review of the attached exhibits shows that *none* of the claims raised in the amended petition were raised in the state courts. For example, although petitioner raises a number of

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

7

1  ineffective assistance of counsel claims in the amended petition, none of them are based on the same
2  grounds that he raised in his state court petition for review. *Cf.* Exh. D at 27. Similarly, his claims
3  that the prosecution withheld material exculpatory evidence are based on new grounds. *Cf.* Exh. D
4  at 10, 11. Petitioner also raises many other new claims based on new factual and legal grounds. His
5  cumulative error claim is not the same because his new cumulative error claim is based on the new
6  claims, not those asserted in the state courts. In sum, petitioner has presented 21 new claims in his
7  amended petition, none of which have been presented to the state courts.

8  Petitioner admits his claims are unexhausted, stating in claim 20 that his appellate counsel
9  was ineffective because he failed to raise the claims stated in the amended petition, which petitioner
10 contends are "clearly stronger than those presented to the state court(s)." Amended Pet. at 21.

11 Because petitioner has failed to exhaust any of his claims in the state's highest court, his
12 amended petition for writ of habeas corpus should be dismissed as unexhausted. 28 U.S.C. §
13 2254(b); *Coleman v. Thompson*, 501 U.S. at 731; *Rasberry v. Garcia*, 448 F.3d at 1154; *Jiminez v.*
14 *Rice*, 276 F.3d at 481. It should also be dismissed as untimely because the claims were all raised
15 well after the expiration of the statute of limitations. 28 U.S.C. § 2244(d). Relation back is
16 unavailable because there are no timely or exhausted claims to which the present amended petition
17 could relate back (or a future amended petition, should petitioner seek to exhaust his claims), and
18 relation back is unavailable here in any event. *Mayle v. Felix*, 545 U.S. at 664; *Green v. White*, 223
19 F.3d at 1003. "[A] habeas petition filed after the district court dismisses a previous petition without
20 prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition."
21 *Raspberry v. Garcia*, 448 F.3d at 1154-1155. Accordingly, because the amended petition raises only
22 untimely, unexhausted claims, and because any effort to exhaust those claims would be futile, the
23 amended petition should be dismissed with prejudice. *Raspberry v. Garcia*, 448 F.3d at 1154-1155;
24 *Jiminez v. Rice*, 276 F.3d at 481-482.

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

8

## CONCLUSION

For the reasons stated, respondent respectfully requests that the amended petition for writ of habeas corpus be dismissed with prejudice.

Dated: September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Joan Killeen
JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

Respondent's Motion To Dismiss Petition for Writ of Habeas Corpus as Untimely and Unexhausted - C 07-4899 MMC (PR).

9