IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. NORDLOF,<br><br>      Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>      Respondent.<br>_____ | No. C 07-4899 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 33)** |

On September 21, 2007, petitioner, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is petitioner's motion for reconsideration of the Court's order dismissing, as untimely, claims 7 through 27 of the second amended petition. Respondent has opposed the motion and petitioner has filed a reply. For the reasons discussed below, the motion will be denied.

## RELEVANT PROCEDURAL BACKGROUND[1]

In 1999, in the Superior Court of Humboldt County ("Superior Court"), petitioner pleaded no contest to assault with a deadly weapon and admitted an enhancement for great bodily injury. The trial court imposed, but suspended execution of, a seven-year term and

---

[1] In its order granting respondent's motion to dismiss, the Court previously set forth in detail the procedural background for this matter (Docket No. 32 at 1:24-3:18), and summarizes herein only those facts relevant to the instant motion.

placed petitioner on probation for five years.

In 2004, petitioner was charged with a number of felony counts stemming from his involvement in a burglary. A jury found petitioner guilty, and the trial court sentenced petitioner to the previously suspended term of seven years in the earlier case and to nine years consecutive on the new offenses, for a total of sixteen years.

Petitioner appealed the convictions obtained in the new case. On November 15, 2006, the California Supreme Court denied review.

On September 21, 2007, petitioner filed the initial petition in the instant action.

Thereafter, petitioner commenced collateral proceedings in state court by filing, on February 19, 2008, a habeas petition in the Superior Court, raising forty claims. After denial of a subsequent habeas petition filed in the California Court of Appeal, the California Supreme Court denied review on July 16, 2008.

On August 19, 2008, petitioner filed herein a first amended petition ("FAP"), which contained twenty-one new claims for relief. The FAP, however, did not include the claims raised in the original petition. Consequently, the Court granted petitioner leave to file a second amended petition ("SAP"), containing all of the claims petitioner intended to raise in the instant action. On May 21, 2009, petitioner filed the SAP, which contained twenty-eight claims for relief.

By order filed March 3, 2010, the Court granted respondent's motion to dismiss, as untimely, claims 7 through 27 as alleged in the SAP, and directed respondent to file an answer to the remaining claims raised therein. Respondent has filed an answer and petitioner has filed a traverse.

## DISCUSSION

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error

or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

As noted, the Court granted respondent's motion to dismiss claims 7 through 27 of the SAP as untimely.[2] Specifically, the Court found petitioner was not entitled to sufficient statutory tolling to render the petition timely, that he was not entitled to equitable tolling of the limitations period, and that the untimely claims did not relate back to the filing date of the original petition.

In support of his motion for reconsideration, petitioner makes the following three arguments: (1) he is entitled to equitable tolling because he did not receive timely notice that the California Supreme Court had denied his final state habeas petition, (2) he is entitled to equitable tolling for the time during which he waited for prison officials to make copies of his first state habeas petition, and (3) claim 19 of the SAP is timely because it is based on a newly recognized constitutional right.

A.  Equitable Tolling

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Specifically, a petitioner who claims he is entitled to equitable tolling of the one-year limitations period must show his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007). The prisoner bears the burden of showing he is entitled to equitable tolling, and the determination whether such tolling applies is a fact-specific inquiry. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner first argues he is entitled to equitable tolling for the five days that elapsed from July 16, 2008, the date on which petitioner's final state habeas petition was denied by the California Supreme Court, to July 20, 2008, the date on which petitioner received notice

---

[2] As petitioner erroneously omitted his original claims from the FAP he filed on August 19, 2008, the Court, in ruling on respondent's motion to dismiss, relied upon the date the FAP was filed to determine whether the new claims were untimely, rather than the later date on which the SAP was filed, i.e., May 21, 2009. (Docket No. 32 at 6:7-17.)

3

of such denial. Petitioner is not entitled to such tolling, however, because, as discussed below, the one-year limitations period for the filing of a federal habeas petition, set forth at 28 U.S.C. § 2244(d)(1), had expired before petitioner filed his petition in the California Supreme Court.

First, the parties agree that petitioner's conviction became final on February 13, 2007; consequently, as noted by respondent, the one-year limitations period expired on February 13, 2008, unless petitioner is entitled to tolling of the limitations period. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that, absent tolling, expiration date of one-year limitations period is "anniversary date" of event that triggered running of statute in preceding year). A state habeas petition filed after the one-year limitations period has ended cannot toll or revive the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.")

Here, the evidence submitted by the parties demonstrates two possible dates for initiation of statutory tolling of the limitations period, both based on petitioner's delivery of his first state habeas petition to prison officials for mailing. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding, under "mailbox rule," one-year limitations period is tolled starting on day prisoner delivers state petition to prison authorities for forwarding to court). The earliest possible date is February 14, 2008, the date on which petitioner signed the proof of service form attached to his state petition. (Mot. to Dismiss Ex. F at 126). The second possible date is February 15, 2008, the date on which, according to the outgoing mail log submitted by petitioner in support of the instant motion, the petition was mailed to the Superior Court. (Mot. for Recons. Ex. A.) Irrespective of which date is used, however, petitioner's delivery of his first state habeas petition to prison officials for mailing did not occur until after the one-year limitations period had expired. Consequently, petitioner is not entitled to statutory tolling of the limitations period, nor can he receive the benefit of equitable tolling for alleged delay in his receipt of the California Supreme Court's denial of his final state habeas petition in July 2008.

4

Petitioner further argues he is entitled to equitable tolling because prison officials delayed four weeks in photocopying his first state habeas petition. Petitioner initially raised this argument in opposition to respondent's motion to dismiss. In granting respondent's motion, the Court rejected petitioner's argument, finding the circumstances alleged by petitioner did not constitute the type of extraordinary circumstances justifying equitable tolling and petitioner had not alleged facts showing he acted diligently in filing his first state habeas petition. (Docket No. 32 at 8:20-9:12.) In the instant motion, petitioner renews his argument, but provides no additional facts that warrant reconsideration of the Court's prior ruling.

Accordingly, for the foregoing reasons, the Court finds petitioner is not entitled to reconsideration on grounds of equitable tolling.

B.   Newly Recognized Constitutional Right

In claim 19 of the SAP, petitioner alleged that the trial court violated his right to due process by imposing an upper-term sentence based on facts that were not proved to a jury. (SAP at 32:8-21.) Petitioner argues said claim should not have been dismissed as untimely because it falls under what petitioner describes as the "new rule" of Cunningham v. California, 549 U.S. 270 (2007), which held California's determinate sentencing law violated the Sixth Amendment to the extent it authorized a judge, as opposed to the jury, to find the facts permitting an upper-term sentence. (Mot. For Recons. at 4:20); see 549 U.S. at 293. In opposition, respondent argues Cunningham is inapplicable to petitioner's claim because the trial court did not impose an upper-term sentence; rather, it imposed mid-term sentences. In support of such argument, respondent cites to sections of the clerk's and reporter's transcripts, and to petitioner's opening brief on appeal. (Opp'n at 9:2-5.) In reply, petitioner does not address respondent's argument.

The Court, having reviewed the sections of the record cited by respondent, finds petitioner was not sentenced to an upper-term. Rather, as set forth by the California Court of Appeal in its opinion affirming the subject 2004 convictions, which opinion is attached as an exhibit to petitioner's SAP:

5

> In a consolidated sentencing, the court executed the seven-year sentence on the 1999 assault, designating it as the principal term. The court added consecutive, doubled <u>one-third middle terms on the current convictions</u> and a consecutive five-year serious felony enhancement for a total of 16 years in state prison.

(SAP Ex. A at 2.) (emphasis added).

Thus, as reflected in the record of this matter, petitioner was not sentenced to an upper term on the convictions he challenges in the instant petition.

Additionally, even if petitioner had been sentenced to an upper term, the claim would not be timely, because <u>Cunningham</u> did not "newly recognize" a constitutional right. <u>See</u> 28 U.S.C. § 2244(d)(1)(C) (providing commencement of one-year limitations period may be delayed until one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Specifically, the Ninth Circuit has held that <u>Cunningham</u> did not newly recognize a constitutional right, but, rather, simply extended to California's sentencing scheme the right recognized in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004)). <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008). Further, even if <u>Cunningham's</u> holding does fall within § 2244(d)(1)(C), petitioner would have been required to file his SAP no later than January 22, 2008, i.e., one year from January 22, 2007, the date on which the <u>Cunningham</u> opinion was filed. As noted, however, petitioner did not file his first state habeas petition raising a <u>Cunningham</u> claim until mid-February 2008. By that date, more than one year had passed from the date on which <u>Cunningham</u> was decided, and, consequently, claim 19 of the SAP would be untimely even if § 2244(d)(1)(C) is applicable. <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.

Accordingly, the Court finds petitioner is not entitled to reconsideration of the Court's dismissal of claim 19 of the SAP as untimely.

//
//
//
//

6

**CONCLUSION**

For the reasons stated above, petitioner's motion for reconsideration is hereby DENIED. As the SAP is now fully briefed, the matter stands submitted for the Court's review.

This order terminates Docket No. 33.

IT IS SO ORDERED.

DATED: March 31, 2011

_____
MAXINE M. CHESNEY
United States District Judge